PIERCE & BALDWIN, use, &c. *versus* HICKENBURG.,

In an action by partners, on a partnership demand, a judgment, obtained against
one of the firm, by the defendant, is not available as an off-set.

Pierce & Baldwin, for the use of Stewart, brought
an action of *assumpsit* against the defendant, in the
Circuit Court of Tuskaloosa. They declared, as co-
partners, and merchants, for goods sold by the firm,
to the defendant, and the pleas filed, were, *non as-
sumpsit,* payment, and set-off.

On the trial, the defendant offered as a set-off to
the plaintiffs' demand, a judgment, obtained by him
against Pierce, one of the partners, which, the Court,
after objection, admitted. It was proved, that the
firm of Pierce & Baldwin had failed—that all the ef-

fects of the copartnership, and its rights and credits, had been assigned to Stewart, as trustee, by deed of assignment, duly recorded, for the payment of the debts due by the copartnership, and that there was not a sufficiency of assets of the firm to pay the firm debts, according to the provisions of the deed of assignment.

The Court charged the jury, that the judgment against Pierce was a good set-off against the plaintiffs' demand, and that the assignment, failure, &c. did not vary the principle. Judgment having been rendered against the plaintiffs, the case, by bill of exceptions, was brought into this Court.

STEWART, for Plaintiff.—ELLIS, contra.

By Mr. Justice THORNTON:

This was an action of *assumpsit*, brought in the Circuit Court of Tuskaloosa, by the plaintiffs in error, as partners in trade, against the defendant. The pleas were filed in short, *non assumpsit*, payment, and set-off. At the trial of the cause, as appears by a bill of exceptions, signed by the presiding Judge, the defendant offered in evidence, as a set-off against the demand of the plaintiffs, the record of a judgment, obtained by the defendant, against the plaintiff, Pierce;, which, the objection of the plaintiffs', notwithstanding, was admitted by the Court; who charged the jury, that it was a proper set-off against the claim of the plaintiffs.

All the assignments of error involve only one question, viz.: whether this instruction was correct or not. Unaccompanied with any other proof, shewing the liability of the firm to pay that judgment, it was clearly inadmissible. The doctrine is well settled, adversely to the allowance of the set-off, of an individu-

al debt, due by one member of the firm, against a partnership demand. The debt sued for, must be conceded to be, in part, at least, the property of Baldwin: then to allow it to be paid off by a claim against Pierce, would to that extent, at any rate, be a manifest injustice. But by the settled rule of law on this head, to no amount whatever, not even to the extent of Pierce's acknowledged interest, which would be the utmost that could be pretended to be claimed, with any shadow of justice, can a set-off be allowed. Could the defendant, by adopting a separate action, for which the set-off is only a statutory substitute, recover from the plaintiffs the amount of this judgment? Certainly he could not. Now, I understand this to be a decisive test, whenever the party plaintiff, whether one or more, sues on an original demand, and not one derived through an assignment, that the party defendant, or some one or more of them, must be able to sustain a cross action against the plaintiff, or there can be no set-off maintained.

We have been referred, by the counsel for the defendant in error, to the case, decided by this Court, of *Pitcher & Remsen* vs. *Patrick's adm'rs,*[a] to support the judgment in this case. The principle of that decision, is recognised as sound law, but it does not conflict with this opinion. There, the defendants were joint obligors, and an action could be maintained by the defendant, Remsen, against the plaintiff, for the debt offered to be set-off: so, that the principle of the remedial statute, allowing a set-off in the nature of a cross action, directly embraced the case. Whatever extinguished the plaintiff's demand, whether moving from one or the other of the defendants, was equally available to both. But here, the plaintiffs are joint creditors, and no action could be maintained against them, to recover the amount of the judgment

ªMinor'sR.321

against Pierce. So there is no pretext for allowing the set-off, whose office is, merely to effectuate summarily, what a distinct action would otherwise be necessary to accomplish.

Let the judgment be reversed, and the cause remanded.

