# Martin *v.* Mohr.

*Bill in Equity to establish Equitable Set-off, and enjoin Sale under Mortgage.*

1. *Amendment of bill; when allowable.*—When a motion is made, in term time, to dismiss a bill for want of equity, and at the same time the complainant asks leave to amend his bill, the amendment should be allowed (Rev. Code, § 3356), if thereby the defects of the bill are supplied.

2. *Equitable set-off against mortgage debt.*—A mortgagor of personal property, after default in the payment of the secured debt, but before any action has been taken on account of such default, may lawfully procure, by purchase and assignment from a third person, a debt due from the the mortgagee, who is insolvent; and if the mortgagee refuses to allow the assigned debt as a set-off, the mortgagor may come into equity to establish the set-off, and enjoin a sale under the mortgage.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 1st November, 1875, by James Martin, against Michael Mohr; and sought to enjoin a sale of certain personal property under a power contained in a mortgage, and to establish an equitable set-off against the mortgage debt, under the facts stated · in the opinion of the court. The chancellor refused to allow an amendment of the bill, which was proposed at the hearing, and dismissed the bill for want of equity; and his decree is now assigned as error.

[Martin v. Mohr.]

ELMORE & GUNTER, with MACDONALD & GRAHAM, for appellant.—The chancellor had no discretion in the allowance of the proposed amendment, provided it supplied material defects of the bill.—Rev. Code, § 3356; *King v. Avery*, 37 Ala. 173; *Johnson v. Culbreath*, 19 Ala. 348; *Walker v. Smith*, 28 Ala. 569. With the proposed amendment, if not indeed without it, the bill presents a clear case of an equitable set-off.—*Railroad Company v. Rhodes*, 8 Ala. 206; *Carroll v. Malone*, 28 Ala. 521; *White v. Wiggins*, 32 Ala. 424; *Goldsmith v. Stetson & Co.*, 39 Ala. 183; *Donelson v. Posey*, 13 Ala. 752.

SAYRE & GRAVES, *contra.*—After default in the payment of the mortgage debt, the mortgagor had no right except that of redemption; and the bill does not ask to redeem. The substance of the bill is, that the tender of the account alleged to be due to Hale amounts to a satisfaction of the mortgage. There is no prayer for an account, and no offer to abide by and perform the decree of the court. The complainant does not deny his indebtedness to Mohr, but, for the benefit of Hale, seeks to prevent Mohr from recovering property which he may claim as exempt. The complainant has voluntarily placed himself in the position he now occupies, and cannot charge the consequences of it on Mohr.

MANNING, J.—Appellant, in his bill as complainant below, shows that, in April, 1875, he executed a mortgage of certain live stock, and of crops to be made that year, to secure repayment on the 1st of October afterwards, to appellee, of money borrowed of him; and the instrument confers on the mortgagee a power to sell the mortgaged property to discharge the debt, if it be not paid at maturity. On the 26th of October, the debt being past due and unpaid, appellant purchased of one J. W. Hale, and obtained by assignment from him, a claim he had against appellee for goods the latter had purchased of Hale. On the same day, appellant (the mortgagor) offered to set off this account against, and pay with it the mortgage debt, and insisted that appellee should consent to do so, and acknowledge satisfaction of, or cancel the mortgage. This, appellee refused to do, but, instead, took possession afterwards of the mortgaged property, and was proceeding to have it sold, under the power in the mortgage, when appellant filed his bill against appellee, with allegations of the facts above stated, an offer to set off and discharge the mortgage debt as above, and prayers for an injunction and general relief.

A preliminary injunction having been issued, under an

order of the judge of the City Court, motions were made to the court, in term time, on behalf of appellee, to dismiss the bill for want of equity; and on behalf of appellant, to amend the bill, by an averment of the insolvency of appellee, and by a more specific allegation of his indebtedness to Hale, and of the transfer of it to appellant, verified by affidavit of Hale. The amendment respecting the insolvency of Mohr (the appellee) avers, that he was insolvent at the time the account was assigned, and still is, and that the amount of it cannot be made out of him by action at law. These motions being submitted together to the chancellor, in term time, he simply dismissed the bill for want of equity; and his decree is now assigned as error.

In the thoroughly considered case of *Tuscumbia, Courtland and Decatur Railroad Company v. Rhodes* (8 Ala. 206–220), it was held, that the principles deducible from the English chancery cases, upon the subject of set-off, may be thus stated: "Although courts of equity, at first, assumed jurisdiction on the natural equity, that one demand should compensate another, and that it was iniquitous to attempt at law to enforce more than the balance; yet now they only exercise it—1st, when a legal demand is interposed to an equitable suit; 2d, when an equitable demand cannot be enforced at law, and the other party is suing there; 3d, or, where the demands are both purely legal, and the party seeking the benefit of the set-off can show some equitable ground for being protected." And it is held in the same case, and several others, that the insolvency of the debtor-creditor, who is proceeding to collect the sum due to him, is "a distinct equitable ground, entitling the party to relief, even in cases where both demands are purely legal. See, also, *White v. Wiggins*, 32 Ala. 424; *Marshall v. Cooper*, 43 Md. 46.

The motion to amend the bill, being made in term time, and submitted at the same time that the motion to dismiss for want of equity was submitted, ought to have been allowed by the chancellor, if the bill would have been made good by the amendment proposed. Was there any reason why the bill would not thus have been made sufficient? If there was, it must have arisen out of one of two facts or circumstances appearing from the allegations it would contain: one, that the defendant (Mohr) was insolvent when the plaintiff took the assignment of the claim against him; and the other, that it was purchased after the maturity of the mortgage debt. Why should the latter circumstance have any such effect? No suit had been brought upon the mortgage debt; and no action had been taken, or seizure of the property made, to execute the power to sell. What was there to hinder plaintiff

from making the purchase, or to make it unlawful or unjust to any body? The consideration of the assignment is immaterial.—*McGovern v. Budlong,* 79 Penn. St. 472–3. In respect to Mohr's insolvency, does that circumstance make it illegal, or inequitable, to purchase from a third person a debt he owed to such person? Can it be assumed, that Mohr himself would be unwilling that this should be done? His debt was contracted for goods sold to him, and ought to be paid; and by the transfer of it to one who owes him, he is enabled to pay it without money, by setting off one debt against the other. What is there to commend it to a court of equity, in the complaint of the insolvent debtor over such a transaction? What is there in the transaction, that the law condemns?

The money this complainant owes to Mohr is not due for wages or hire; and it is only "the wages or hire of the head of a family in this State, not having property liable to levy and sale under execution," which the law declares "cannot be defeated or abated by any set-off of a money demand *acquired* by the person contracting to pay such wages, *by assignment or transfer.*"—R. C. § 2642. This extract is taken from the section of the Code which enacts: "Mutual debts, liquidated or unliquidated demands not sounding in damages merely, subsisting between parties at the time of suit brought, may be set off one against the other by the defendant, or his personal representative, whether the legal title be in the defendant or not." And the succeeding part of the section, set forth in the extract above, by express words, implies that the demands to be so set off may be "acquired * * * by assignment or transfer," from others. If there be any reason why the set-off insisted on should not be allowed, it is not disclosed in the present state of the pleadings.

The necessity of applying to a court of equity in this case arose from the fact that it is only by injunction that the defendant can be restrained from executing the power of sale contained in the mortgage, and from thereby obtaining payment of a debt from the complainant, to whom he is at the same time indebted in a larger amount, which, on account of his insolvency, complainant will not be able to collect.

The decree of the chancellor, dismissing the bill for want of equity, must be reversed, and the cause remanded, that complainant may be allowed to amend his bill of complaint, and regular proceedings be thereupon had in the Chancery Court.