# Fowler & Co. *et al. v.* Bellinger *et al.*

*Bill in Equity to establish Equitable Set off.*

1. *Set off; when member of partnership can not set off claim of firm.*—Where one member of a partnership is sued individually for the collection of a debt which is due and owing by the partnership of which he is a member, he can not set off a debt the plaintiffs owed the firm.

2. *Bill to establish equitable set off; when existing as between mutual debts of partnership.*—Where there exists mutual subsisting debts or demands between two several partnerships, and the surviving member of one of the partnerships brings a suit against one of the members of the other partnership, individually, upon a debt due the plaintiff's partnership, and this suit is brought after the statute of limitations has perfected a bar as to the claim of the partnership of which the defendant is a member, as to any independent action on such debt, the partnership of which the defendant is a member, can maintain a bill in equity to be allowed to set off such claim against the claim of the plaintiff.

APPEAL from the City Court of Gadsden, in Equity.
Heard before the Hon. JOHN H. DISQUE.

[Fowler & Co. *et al.* v. Bellinger *et al.*]

The bill in this case was filed by the appellants, W. Fowler & Company, a partnership composed of W. Fowler and W. P. Lay, against the appellees, W. C. Bellinger, as the surviving partner of Bellinger Brothers and W. C. Bellinger, individually.

The purpose of the bill and the averment of facts contained therein are sufficiently stated in the opinion.

There was a motion made to dismiss the bill for the want of equity.

On the submission of the cause upon this motion, a decree was rendered granting the motion and ordering the bill dismissed. From this decree the complainant's appeal and assign the rendition thereof as error.

BURNETT, HOOD & MURPHREE, for appellants.—Lay being sued as an individual could not set off the claim due his firm by the plaintiff.—*Drennen v. Gilmore*, 132 Ala. 246.

It is clearly settled that in the event Lay as a partner is compelled to pay the partnership debt, that he would be entitled to reimbursement out of the assets of the partnership. This bill seeks to protect the partnership assets of W. Fowler & Company, not only against Bellinger Brothers, but against any demand that W. P. Lay would have against the partnership assets of Fowler & Company, growing out of the suit at law against Lay. This, it seems to us, independent of any other consideration, gives the bill equity.—Story's Equity Jurisprudence, § 1437; *Hibert v. Lang*, 2 Am. & Eng. Dec. in Eq., 515.

Although, in general, in order to support a set off, there must be cross demands between the same parties and in the same rights, such as would sustain mutual actions against each other, yet wherever there is the practicability of avoiding circuity of action and needless costs, with safety and convenience to all parties, or where there is a special equity to be subserved, and no equity of third parties to be injured, a set off will be allowed upon equitable principles, though the case does not come within the language of the statute. The special equity of the present case is manifest.—*Childer-*

*strom v. Hammond,* 9 S. & R. 68; *Henderson v. Lewis,* 9 S. & R. 379; *Brewer v. Norcross,* 17 N. J. Eq. 226; *Wood v. Steele,* 65 Ala. 439; *Tate v. Evans,* 54 Ala. 16; *Railroad Co. v. Rhodes,* 8 Ala. 206; 2 High on Injunctions, (3d ed.), §§ 92, 243.

Equity has jurisdiction of a suit to procure or compel a set off which is not admissible or possible under the practice at law.—Story's Equity, § 189; *French v. Garner,* 7 Porter 554.

In the matter of equitable set off greater liability is practiced now than formerly.—Waterman on set off, § 276 and note; *Fustin v. Cannon,* 5 Whorton 379.

GOODHUE & BLACKWOOD, *contra.*—It will be observed that the bill does not aver the insolvency of appellee, W. C. Bellinger. It is manifest that if this bill had been filed before the statute of limitations had perfected a bar against the claim of W. Fowler & Company, it could not have been maintained without the allegation of insolvency.—*Tate v. Evans,* 54 Ala. 17; *O'Neal v. Perryman,* 102 Ala. 523; *Watts & Son v. Sayre,* 76 Ala. 397; *Chandler v. Crawford,* 7 Ala. 508; *Campbell v. Conner,* 78 Ala. 211.

The insistence of appellee is that the mere fact that at the time of the filing of the bill the statute of limitations had perfected a bar to an independent suit by W. Fowler & Company against Bellinger Brothers, will not inject equity into the bill in the absence of an allegation of insolvency. "The rule that courts of equity may in cases involving peculiar circumstances and in cases of fraud or express trust ignore the statute and grant relief after the expiration of the period prescribed thereby, does not create jurisdiction in equity where none exists on other grounds."—19 Am. & Eng. Ency. Law, (2d ed.) 159.

DOWDELL, J.—The appeal in this case is prosecuted from the decree of the city court dismissing the bill on motion for want of equity. The bill in substance averred that in December, 1890, Bellinger Brothers, a

firm composed of W. C. and J. M. Bellinger, became indebted to appellants in the sum of $577.75, and that in July, 1891, W. Fowler, one of the partners of the firm of Fowler & Co., which said firm was composed of W. Fowler and W. P. Lay, forgetting for the time being, that Bellinger Brothers owed W. Fowler & Co., executed a bond in the firm name of Fowler & Co., to Bellinger Brothers for $518.00. That after the statute of limitations had perfected a bar against an independent action by appellants on their said demand, W. C. Bellinger, as surviving partner of Bellinger Brothers, brought suit against W. P. Lay individually in the city court of Gadsden, and in which suit the demand of appellants against Bellinger Brothers could not in law be availed as a set off.—*Drennen v. Gilmore,* 132 Ala. 246. The bill shows that the claim of Fowler & Co., was a subsisting demand at the time the right of action accrued on the claim or demand of Bellinger Brothers against Fowler & Co. While the statute of limitations at the time of the institution of the suit at law by W. C. Bellinger against Lay on the bond, had completed the bar against the demand of Fowler & Co., in an independent action by Fowler & Co., on said demand, yet under the statute the demand being a subsisting one, when the right of action accrued to Bellinger Brothers on their demand against Fowler & Co., the statute of limitations did not run against it as a mutual demand and it was available as a set off in a suit by Bellinger Brothers against Fowler & Co.—See § 3728 of the Code of 1896.

It is, therefore, plainly to be seen that if Bellinger Brothers, had instituted suit on the bond against Fowler & Co., the latter could have made available their claim as a set-off in such suit under the statute, although the statute of limitations had completed a bar as to such claim in an independent suit on the same. The complainants' equity rests in the fact that they have the right to set off their claim against the demand of Bellinger Brothers, and they have been defeated in this right by the action taken by W. C. Bellinger, and are without any remedy at law, and unless aided by a court of equity, will be deprived of the right to set off

their said claim. The principle is the same as in the case of the insolvency of the party against whom a set-off is sought to be availed of.

In the suit before us the respondent has sued Lay, one of the two persons composing the partnership of Fowler & Co., upon the bond of Fowler & Co., which is a several and joint obligation. In the event of a recovery against Lay in such suit, Lay would have the right of contribution in equity against Fowler, the other member of the firm, and in this way Fowler & Co. would be made to pay the demand of Bellinger Brothers and yet be denied the right to use their demand as a set off against Bellinger Brothers unless a court of equity will give the relief, since it cannot be had at law. The jurisdiction in such cases is recognized by elementary writers on the subject of equity jurisdiction, as well as in the decisions of the courts.—1 Pomeroy's Equity Jurisprudence, § 1437 and 1437a; 2 High on Injunctions, (3d ed.) §§ 92, 243: Waterman on Set-Offs, § 276; *Hibert v. Lang*, (Pa.) 30 Atl. 1004; *Henderson v. Lewis*, 9 Serg. & R. 379; *Brewer v. Norcross*, 17 N. J. Eq. 226. This doctrine is recognized in *Farris & McCurdy v. Houston*, 78 Ala. 257. See also *Wood v. Steele*, 65 Ala. 439; *Carroll v. Malone*, 28 Ala. 521. In the last case, insolvency was not averred and hence not relied on to support the jurisdiction of the court.

Our conclusion is that the bill here contained equity, and the court erred in dismissing the bill. The decree, therefore, must be reversed, and one will be here rendered overruling the motion to dismiss for want of equity, and the cause is remanded.

Reversed, rendered and remanded.