155 So. 579

**FISCHER v. POPE et al.**

6 Div. 404.

Supreme Court of Alabama.

May 10, 1934.

Rehearing Denied June 28, 1934.

---

W. Marvin Scott, of Cullman, for appellant.

St. John & St. John, of Cullman, and A. J. Harris, of Decatur, for appellees.

BOULDIN, Justice.

The appeal is from a final decree in equity on settlement of the administration of an estate.

Both parties here suggest there was no note of testimony on submission pursuant to Chancery Rule 75. They differ as to whether, in the circumstances of this case, such omission should work a reversal or an affirmance of the decree.

The decree recites: "This cause coming on to be heard is submitted to the court for

final decree by the consent of the parties in open court upon pleadings and proof heretofore noted by the Register."

The record discloses a note of testimony made on a former submission for final decree, which was followed by further pleadings filed, reopening a report of the register which had been confirmed for limited purposes, and a second note of testimony made upon the latter reference. We think the above recital of record, that these notes of testimony of record were by agreement used on this hearing, was the equivalent of renoting and re-entry under the rules, and the appeal will be so considered.

■ The sole estate of decedent, Pearl Pope, consisted of a claim for death by wrongful act under Code, § 5696.

In the same accident, a collision of an automobile with a wagon in which decedent was riding, other occupants received personal injuries.

Oscar Pope, husband of decedent, was first appointed administrator of her estate. He and other parties injured joined in employment of the same counsel to collect damages.

After much effort and outlay in expenses, much of it in an effort to extradite the alleged wrongdoer, H. T. Kitson, a compromise settlement of all claims was had with the insurance carrier, who paid over to counsel for claimants a lump sum of $6,750 in satisfaction and release of all demands. Meantime, appellant had succeeded to the position of administrator, by consent of all parties at interest.

In settlement with their counsel, after deducting counsel fees and other charges, a balance of $2,078.10 was, by common consent, paid over to appellant as administrator in full settlement with counsel, and a release given by the administrator, Oscar Pope, the surviving husband, and representatives of the other parties injured.

The distributees of the estate consisted of the surviving husband, and five minor children. This bill was filed by these children by next friend to remove the administration to the equity court and make final settlement.

The trial court, following the report of the register, theretofore made and confirmed, charged the administrator with $3,375, one-half the sum collected by his counsel, less the sum of $692.03, being one-third the amount actually paid over to him, and ascertained to be due the other parties injured.

Without going into a discussion of the various phases of the evidence, we conclude, and so hold, that the evidence supports the decree in this regard, and it should not be disturbed in so far as it affects the interests of these children, not sui juris.

■ After deducting $450, the amount duly ascertained and decreed as a reasonable attorney's fee in this suit and charged up as part of the costs to be paid by appellant, the court ascertained and decreed the balance in the hands of the administrator for distribution to be $2,485.97, and decreed to complainants, O. V. Pope, Chester Pope, Vernell Pope, Mary Ruth Pope, and Ranard Pope, children of decedent, severally $248.59, being in the aggregate one-half the balance for distribution. In this there was no error.

■ A decree for the other half, $1,242.98, was rendered in favor of Oscar Pope, the surviving husband. We are of opinion there was error in this.

As well settled, the statutory recovery under the homicide statute is not assets of the estate, subject to administration and payment of debts of the decedent, but, subject to proper charges in the recovery and distribution of the fund, belongs to the distributees. The administrator is a trustee or agent for collection and distribution.

We have held that before an administrator is appointed a sole beneficiary may compromise, settle, and give a binding release, good as against an administrator thereafter appointed. Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225.

In this case Oscar Pope, the surviving husband, was administrator at the time counsel was employed to collect the claims, and while much of the outlays entering into the settlement with counsel were incurred. He was present, participating in the settlement, and joined in the execution of a full release on payment of the sum of $2,048, the only money ever coming to the hands of the administrator. This can be considered nothing less than an agreement that said sum be accepted in full, and that he would take his share thereof. In the absence of fraud on the part of the administrator, he must be held bound.

Deducting from the amount received by the administrator, the amount decreed to belong to the other parties injured, leaves a balance of $1,386.07, of which Oscar Pope is due one-half, $693.07, with interest from the date of the decree below, January 16, 1933.

The decree in his favor will be corrected accordingly.

In certain features of the record appellant sought to set up an individual account of $443.13 against Oscar Pope, covering an undertaker's bill for the burial of his wife, certain supplies, etc. This seems not to have entered into the reference nor final decree, but we deem it proper to further modify the decree so that it shall be without prejudice to the rights of appellant to proceed as he may be advised on the above mentioned demand.

As above modified the decree is affirmed.

The costs of appeal in this court and the court below will be taxed to appellant, Oscar Fischer, and when paid, he is decreed a credit for one-half thereof on the decree in favor of Oscar Pope.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.