157 So. 869

### Ex parte FISCHER.

### 6 Div. 636.

### Supreme Court of Alabama.

### Dec. 6, 1934.

W. Marvin Scott, of Cullman, for petitioner.

A. J. Harris, of Decatur, for respondent.

BROWN, Justice.

This is an original petition for the issuance of a writ of mandamus to be directed to the Honorable W. W. Callahan, as judge of the circuit court of Cullman county, sitting in equity, in the case of O. V. Pope et al. v. Oscar Fischer, as Administrator, etc., commanding him to pass upon a motion of the petitioner to require Messrs. St. John and St. John and A. J. Harris "to produce and prove their authority under which they appear" as solicitors for Oscar Pope, one of the parties to said suit, in causing an execution to be issued on a decree entered in said cause by the circuit court, and modified and affirmed on appeal by this court. Fischer v. Pope et al., ante, p. 170, 155 So. 579.

Also to review the order of the circuit court overruling a motion made by the petitioner to "quash the execution and notice of levy," and allow petitioner to make final settlement in the administration of the estate of Pearl Pope, deceased; that the decree be opened up as to Oscar Pope so as to allow petitioner to establish petitioner's claim against said O. V. Pope, and set the same off against his distributive share of the funds in the hands of petitioner as the administrator of said estate.

■ The respondent waived the issuance of the rule nisi and filed an answer alleging that, when said first-mentioned motion came on for hearing, the said solicitors disavowed any authority to represent Oscar Pope, and petitioner thereupon abandoned said motion. The answer is not controverted, and its statements will be taken as true. Ex parte Apperson, 217 Ala. 176, 115 So. 226; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte

Scudder-Gale Grocery Co., 120 Ala. 434, 25 So. 44; State ex rel. St. Peter's M. Baptist Church v. Smith, Judge, 215 Ala. 449, 111 So. 28; Ex parte Adams, 216 Ala. 353, 113 So. 513.

The petitioner's theory of the motion to quash the execution and open the decree seems to be that the judgment here on the appeal established the petitioner's claim against Oscar Pope, and entitled him to have it set off against the distributive share of said Pope. This is a misconception of the effect of the judgment of this court. The final decree of the circuit court in this respect was merely modified, so that it would not prejudice petitioner in an appropriate proceeding to establish his set-off against said Pope, if he elected so to proceed.

Fischer's individual claim against Pope was not a claim against the estate being administered, and its establishment was not within the scope of that proceeding. It would seem, therefore, that his remedy is by an original bill against Pope to enjoin the enforcement of the judgment and to establish an equitable set-off against the judgment. Burton v. Willin, 6 Houst. (Del.) 522, 22 Am. St. Rep. 363; O'Neill v. Perryman, 102 Ala. 522, 14 So. 898; Fowler & Co. et al. v. Bellinger et al., 140 Ala. 240, 37 So. 225; 24 R. C. L. 807, § 15.

The writ of mandamus is denied, and the petition is dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.