171 So. 752

**FISCHER v. POPE et al.**

**6 Div. 13.**

Supreme Court of Alabama.

Jan. 7, 1937.

W. Marvin Scott, of Cullman, for appellant.

St. John & St. John, of Cullman, for appellee.

KNIGHT, Justice.

This controversy in one or more of its phases has been before this court twice heretofore. Ex parte Fischer, 229 Ala. 455, 157 So. 869, 870; Fischer v. Pope, 229 Ala. 170, 155 So. 579, 581.

The present bill was filed by appellant after this court denied the mandamus prayed for here in the case of Fischer v. Pope, supra.

In appellees' brief before us on the present appeal, following a brief statement of the facts of the case, we find and excerpt the following statement as to the real issue to be here determined on this appeal:

"There is but one question in this case and that is whether or not the respondent, Oscar Pope, is entitled to claim his exemptions against the open account of Fischer against him."

We are in full accord, after reading the record, with counsel for appellees in this statement of the question to be determined on this appeal.

When this controversy, on one of its several phases, was first before this court, at a former term, it was observed by Mr. Justice Bouldin in writing for the court:

"In certain features of the record appellant sought to set up an individual ac-

count of $443.13 against Oscar Pope, covering an undertaker's bill for the burial of his wife, certain supplies, etc. This seems not to have entered into the reference nor final decree, but we deem it proper to further modify the decree so that it shall be without prejudice to the rights of appellant [the present appellant] to proceed as he may be advised on the above mentioned demand." Fischer v. Pope, supra.

Thereafter this appellant filed petition here for mandamus to the presiding judge of the circuit court of ·Cullman county, Hon. W. W. Callahan, seeking among other things to require said judge to open up the decree of the circuit court theretofore rendered "so as to allow the petitioner (appellant here) to establish petitioner's claim against said O. V. Pope, and set the same off against his distributive share of the funds in the hands of petitioner as the administrator of said estate."

This court, on consideration of the case made by petitioner for mandamus, and the answer of the respondent judge, denied the writ of mandamus, but, in disposing of the petition, it was observed by Mr. Justice Brown, in speaking for the court:

"The petitioner's theory of the motion to quash the execution and open the decree seems to be that the judgment here on the appeal established the petitioner's claim against Oscar Pope, and entitled him to have it set off against the distributive share of said Pope. This is a misconception of the effect of the judgment of this court. The final decree of the circuit court in this respect was merely modified, so that it would not prejudice petitioner in an appropriate proceeding to establish his set-off against said Pope, if he elected so to proceed.

"Fischer's individual claim against Pope was not a claim against the estate being administered, and its establishment was not within the scope of that proceeding. It would seem, therefore, that his remedy is by an original bill against Pope to enjoin the enforcement of the judgment and to establish an equitable set-off against the judgment. Burton v. Willin, 6 Houst. (Del.) 522, 22 Am.St.Rep. 363; O'Neill v. Perryman, 102 Ala. 522, 14 So. 898; Fowler & Co. et al. v. Bellinger et al., 140 Ala. 240, 37 So. 225; 24 R.C.L. 807, § 15." Ex parte Fischer, supra.

After this last pronouncement of this court in Ex parte Fischer, supra, the appellant filed his original bill in the circuit court of Cullman county, in equity, seeking to set off the alleged individual indebtedness of appellee Pope to appellant against the judgment which Pope had secured, as his share in the distribution of the funds in the hands of appellant as administrator of the estate of the deceased wife of said Pope.

The bill avers the insolvency of said Pope, and the evidence abundantly sustains this averment. In fact, it is rather conceded. And we may also say here that the evidence shows that the appellee Pope owed the appellant a considerable amount of money at the time of the rendition of the said judgment.

While the mere existence of mutual and independent demands does not authorize the interposition of a court of equity to set them off against each other, yet, "where there is some intervening equity which renders it necessary for the protection of the demand sought to be set off, that court will interpose to see that justice is done." The insolvency of the defendant in the judgment, and that complainant's demand would be lost, if the plaintiff were allowed to enforce the judgment, furnish sufficient ground for a resort to a court of equity to enforce an equitable set-off. The insolvency of the party against whom the set-off is claimed is, as a general rule, such a special equity as will justify a court of equity in taking jurisdiction to allow the set-off. Conecuh County v. People's Bank of Evergreen, 230 Ala. 457, 161 So. 515; Norris v. Commercial National Bank of Anniston, 231 Ala. 204, 163 So. 798, 801; Hall v. Clark et al., 227 Ala. 571, 151 So. 445; O'Neill v. Perryman, 102 Ala. 522, 527, 14 So. 898; Weaver v. Brown, 87 Ala. 533, 6 So. 354; Wood v. Steele, 65 Ala. 436; Minge v. First National Bank, 191 Ala. 271, 68 So. 141; Farris & McCurdy v. Houston, 78 Ala. 250; 34 Cyc. 638; 57 Corpus .Juris 364; 21 Corpus Juris 133; 34 Cyc. 638.

The bill presents a proper case for equitable interposition to allow and enforce the demand of the appellant against the appellee.

Against the allowance of appellant's demand as a set-off against his judg-

ment, the appellee has interposed his claim of exemptions. In support of his contention that he has the right to enforce his entire judgment against appellant, notwithstanding his indebtedness to appellant, the appellee relies upon section 204 of the Constitution of the State of Alabama, section 7886 of the Code, and the cases of Ex parte Hunt and Talley, 62 Ala. 1, and Webb v. Edwards, 46 Ala. 17.

It is quite evident that there is nothing in the decisions in the two cases cited by appellee which touches the question presented for decision in this case.

In this case it appears that the appellant owes the appellee a sum of money, which has been reduced to judgment, and that the appellee owes the appellant a sum of money, due in part by notes with waiver of exemptions, and in part by open account, and that appellee is insolvent. The appellee has filed in the cause a claim of exemptions, in which he specifically claims as a part of his exemptions the money due him by appellant, and insists that, by reason of his exemption rights, the appellant must pay him the full amount of his demand, notwithstanding to do so would leave appellant wholly remediless against him because of his insolvency.

The insistence of appellant is that the true and only amount he owes the appellee, in equity and good conscience, is the difference between the amount appellee owes him and the amount appellant owes appellee. That this difference is the only amount, constituting property, which the Constitution and laws of the State vouchsafe to him as exempt.

The appellant's contention is sound, both morally and legally.

■ The basic principle giving rise to the equitable right of set-off "is the injustice of permitting one person to enforce his claim, while at the same time, on account of his insolvency, the other party, with equally as meritorious a claim, is left with a demand wholly unenforceable against the insolvent [debtor]." Norris et al. v. Commercial National Bank of Anniston, supra; Hall v. Clark et al., supra.

This court in the case of Washington v. Timberlake, 74 Ala. 259, held that where parties have cross demands against each other, the real indebtedness is the excess of one debt over the other. And this statement of the law was reaffirmed and applied in our recent case of Norris v. Commercial National Bank of Anniston, supra.

Section 10172 of the Code, in dealing with set-off and recoupment, imposes but one limitation upon the right of set-off of mutual debts, or demands not sounding in damages merely, subsisting between the parties at the commencement of the suit, and that limitation is expressed in the following words: "but the wages or hire of any head of a family in this state, not having property liable to levy and sale under execution, cannot be defeated or abated by any set-off of a money demand acquired by the person contracting to pay such wages by assignment or transfer, unless the parties otherwise agree in writing."

And this court in the case of Martin v. Mohr, 56 Ala. 221, in discussing the above-quoted provision of section 10172, observed: "The money this complainant owes to Mohr is not due for wages or hire; and it is only 'the wages or hire of the head of a family in this State, not having property liable to levy and sale under execution,' which the law declares 'cannot be defeated or abated by any set-off of a money demand acquired by the person contracting to pay such wages, by assignment or transfer.'"

The debt here owed by the complainant was not for wages or hire, nor was the demand claimed and owned by the complainant acquired by assignment or transfer.

The true and only amount due and owing by appellant to the appellee is the excess of the latter's demand over that of the former. This excess only constituted property, which the appellee had the right to claim as exempt to him under the Constitution and laws of the State of Alabama. Hence it must be held that the lower court committed error in holding that the appellant could not set off his open account against the appellee's judgment, notwithstanding the latter's asserted exemption claim. For this error the decree of the circuit court must be reversed, and the cause remanded to the lower court for further proceedings in conformity to this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.