5 So.2d 101

**CADICK MILLING CO. v. DOTHAN BANK & TRUST CO.**

4 Div. 225.

Supreme Court of Alabama.

Dec. 18, 1941.

T. E. Buntin, of Dothan, for appellee.

Martin & Jackson, of Dothan, for appellant.

FOSTER, Justice.

The question presented on this appeal is the equity of a bill by a garnishee, which was a banker, and wherein the defendant in the garnishment was alleged to be a depositor in the bank, but was indebted to it in a sum less than the amount of the balance of the deposit, but such indebtedness was not due, when the bill alleges that the

134

defendant, depositor, was insolvent, and by reason of such insolvency the bank did on the day before the garnishment suit was filed credit on the depositor's debt to it an amount of such deposit balance as was sufficient to pay such debt in full.

The equity of the bill was sustained on demurrer. It sought to have complainant's right established to the amount of such deposit and a confirmation of such credit, and offers to do equity.

The theory of complainant is that until the maturity of the debt by the depositor to it as a banker, it could not make such charge available in the garnishment suit at law, where there is pending a contest of its answer, but that it is available in equity and to establish a right superior to the lien of the garnishment.

As we read the cases, the equity of the bill is well supported. In Norris v. Commercial National Bank, 231 Ala. 204, 163 So. 798, this Court declared the rule to be that the insolvency of a depositor quickens the right to set off his balance on deposit to his debt to the bank though that debt is not due. That was an incident in a suit pending in equity.

It is well settled by a long line of our cases that a garnishment suit is strictly one at law and the issues which arise in it, as on a contest, must be settled pursuant to the law applicable to a suit tried on that theory: that it is not in the nature of an equitable proceeding. Thomas' Legal Representatives v. Hopper, 5 Ala. 442; Johnson v. Spaight, 14 Ala. 27, 29; Harrell v. Whitman, 19 Ala. 135, 138, 139; Wright v. Preston, 55 Ala. 570, 574.

On some such theory, this Court in Birmingham National Bank v. Mayer, 104 Ala. 634, 16 So. 520, stated the doctrine to be that at law a bank has no power to appropriate a depositor's account to his debt not then due, though the depositor be insolvent. And the same was held in First National Bank v. Minge, 186 Ala. 405, 64 So. 957, on the authority of the Mayer case, written by the same justice, but without emphasizing the fact that the suit was at law. The opinion also cites the case of Goldthwaite v. National Bank, 67 Ala. 549, which recognizes insolvency of a debtor as a ground for an equitable set-off. See, also, Fischer v. Pope, 233 Ala. 301, 171 So. 752.

The bill alleges, as we understand it, that the banker made this charge on the day before the garnishment issued and two days before it was served. But whether so or not, if at that time the facts existed which entitled the bank to an equitable set-off, the privilege may be made available in equity at any time it becomes important to do so. See Schuler v. Israel, 120 U.S. 506, 7 S.Ct. 648, 30 L.Ed. 707.

By the garnishment, the plaintiff did not secure a lien superior to that equitable right. He only acquired such rights as the defendant could have maintained in a suit at law against the bank. While such a suit at law would not have been subject to the set-off nor to the charge made by the bank on account of the equitable nature of such right, it was available in equity at the suit of the bank, and therefore it is there available to establish its superior existence over the lien of the garnishment.

Without the aid of a court of equity, the right of complainant to make the charge against the account of its depositor prior to the date of the garnishment lien did not exist. But insolvency of a party against whom the set-off is claimed is said to be in general such special equity as to justify a court of equity to take jurisdiction to get the benefit of it, when without insolvency the set-off would not be available either at law or in equity. Fischer v. Pope, 233 Ala. 301, 171 So. 752. That situation therefore presents a case within the terms of the Code of 1940, Title 13, section 152.

The present bill does not pray for an injunction of the garnishment suit at law to enable complainant to try the contest in equity so that the set-off may be available. But the allowance of the equitable set-off is not a final disposition of the garnishment proceeding at law, and in a pending cause it is not the ultimate relief to be decreed, though it is so when it is sought to establish a set-off to a judgment. Campbell v. Conner, 78 Ala. 211. Here there was an answer by the garnishee admitting an indebtedness which was the balance of the deposit account after charging to it the amount of the indebtedness of the depositor. Thereupon a contest of the answer was filed. It is in respect to that contest that the equitable defense exists, and the contest must be tried in equity for the garnishee to sustain an equitable defense. The garnishee is entitled to the

benefit of a legal set-off on the trial at law. Jefferson County Savings Bank v. Nathan, 138 Ala. 342, 35 So. 355.

█ The right set up in the bill in this suit is the claim of an equitable defense in the contest of the garnishee's answer. In order to proceed in that respect, the contest of the answer and the garnishment proceeding should be before the court of equity. When defendant claims an equitable defense to an action at law, he may either enjoin the action at law and try the whole issue in equity (Cudd v. Cowley, 203 Ala. 665[4], 85 So. 13; 28 Amer.Jur. 474) or he may remove the cause to equity under Code of 1940, Title 13, section 153. But he must do one or the other.

█ The bill does not specifically pray for either, but it may be granted under the general prayer. The bill is therefore not subject to general demurrer for such failure, and it is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.