77 So.2d 351

**Ex parte John STEMBER, d/b/a Mason Construction Company.**

**6 Div. 757.**

Supreme Court of Alabama.

Jan. 13, 1955.

note based on the false representations, that they would not have done so had they known the true facts, that the note had been transferred to the Exchange Bank, obligating plaintiffs to pay $1,368.26. Punitive damages were claimed.

The case came to us on a petition for writ of mandamus filed by defendant Stember, praying that a rule nisi issue to Honorable Thomas E. Huey, Jr., as Judge of the 10th Judicial Circuit, requiring him to set aside an order made by him sustaining plaintiffs' demurrer to defendant's motion to transfer the cause from the law side to the equity side, and to require Judge Huey to enter an order overruling the demurrer and transfering the cause to the equity docket.

The petition was argued and submitted to this court and thereupon the rule was issued, directing Judge Huey to comply with the prayer of the petition or to appear and show cause why a peremptory writ should not issue. Due return was made and the cause was submitted on briefs and answer of respondent.

Sirote, Permutt, Friend & Friedman, Birmingham, for petitioner.

Lange, Simpson, Robinson & Somerville, Birmingham, for respondent.

MERRILL, Justice.

The plaintiffs below, Geurald B. Roper and Ethel E. Roper, sued defendant John Stember, alleging that defendant's agents, servants or employees made certain false representations which induced them to sign a contract for repairs to be made on their home. Some of these representations were that the work would be done without cost to plaintiffs; that the house would be photographed before and after the work and used as a model on television and other media in an advertising program to stimulate defendant's sales; that a sign would be placed in front of the house and for each job defendant received through the advertisements, sign or demonstration, plaintiffs would receive $38.02 and defendant would pay plaintiffs $25 for each prospect plaintiffs sent to him. Plaintiffs averred that they signed a contract and a

■ Mandamus is the proper remedy to obtain a review of the action of the nisi prius judge in sustaining demurrers to a motion to transfer a case from law to equity. Ex parte R. A. Brown & Co., 240 Ala. 157, 198 So. 138; City of Bessemer v. Goodwyn, 240 Ala. 52, 197 So. 20; Ex parte Louisville & N. R. Co., 211 Ala. 531, 100 So. 843.

A motion to transfer a cause from law to equity must show an equitable right or defense, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court. The legal sufficiency of such motion may be tested by demurrer. Code 1940, Tit. 13, §§ 152, 153. Therefore, the only question before us is the propriety of the order sustaining the demurrer to the motion to transfer.

■ Petitioner first argues that the transfer will avoid a multiplicity of suits if, after the transfer, he is permitted to bring in the bank as a party. If the equity

of the bill "is dependent upon prevention of a multiplicity of suits, there must be more than a community of interest in the questions of law and fact, but there must be a community of interest in the subject matter." Lee v. City of Birmingham, 223 Ala. 196, 135 So. 314; Southern Steel Co. v. Hopkins, 174 Ala. 465, 57 So. 11, 40 L.R.A.,N.S., 464; Turner v. City of Mobile, 135 Ala. 73, 33 So. 132; Wharton v. First Nat. Company of Birmingham, 230 Ala. 421, 161 So. 825. We find in the allegations of the petition no community of interest in the questions of law and fact involved here and no equity in the suggestion that the bank should be brought in to avoid a multiplicity of suits. There is no allegation that the bank was a party to the transaction between the plaintiffs and defendant. Any claim the bank may later bring against plaintiffs or defendant will involve an entirely different question from that presented by the instant action in deceit.

■ Petitioner further urges that he may be liable to the bank as endorser of plaintiffs' note. But whether the petitioner will be sued at some future time is a matter of pure conjecture. Ordinarily the bank must first look to the Ropers, as makers of the note, for payment. When they fail to pay, the bank can sue petitioner as endorser. There is no allegation that petitioner is a guarantor or surety. There has been no presentment, dishonor or notice thereof. Code 1940, Tit. 39, §§ 85, 90, 99. The mere possibility that the bank may sue plaintiffs or defendant on the notes (there is no allegation of any demand or threat on the part of the bank), as a result of the outcome of this suit, fails to meet the requisite hypothesis of an equitable defense required by Title 13, § 153.

Petitioner states in brief, "The note executed by plaintiffs for the work and labor performed was transferred and assigned by defendant to a bank under circumstances whereby the bank was not an innocent holder for value." The respondent's answer states that the note was indorsed to the bank expressly without recourse. Thus defendant (petitioner) would be liable to the bank for breach of warranty under the provisions of § 67, Title 39, if it is established that the note was procured by fraud. Tennessee Valley Bank v. Williams, 246 Ala. 563, 21 So.2d 686; Kennedy v. Hudson, 224 Ala. 17, 138 So. 282. And the action may be brought directly against the endorser without first suing the maker. Commercial Credit Co. v. Ward & Son Auto Co., 215 Ala. 34, 109 So. 574.

■■ We do not consider this an equitable ground for bringing in the bank as a party. One cannot invoke equity merely to have his wrongdoing adjudged in one suit instead of many. Hamilton v. Alabama Power Co., 195 Ala. 438, 70 So. 737.

■ Finally petitioner urges the ground of equitable set off. We think the following from Fischer v. Pope, 233 Ala. 301, 171 So. 752, 753, is applicable:

"While the mere existence of mutual and independent demands does not authorize the interposition of a court of equity to set them off against each other, yet, 'where there is some intervening equity which renders it necessary for the protection of the demand sought to be set off, that court will interpose to see that justice is done.' The insolvency of the defendant in the judgment, and that complainant's demand would be lost, if the plaintiff were allowed to enforce the judgment, furnish sufficient ground for a resort to a court of equity to enforce an equitable set-off. The insolvency of the party against whom the set-off is claimed is, as a general rule, such a special equity as will justify a court of equity in taking jurisdiction to allow the set-off. (Citing cases.)"

But the petitioner does not allege that the plaintiffs are insolvent, nor does he aver that the note is due. Therefore, we adopt the language found in 80 C.J.S., Set-off and Counterclaim, § 28, as pertinent to this case:

"Although defendant has been allowed in equity to set off a contingent liability where plaintiff was insolvent, ordinarily defendant cannot plead as

a set-off a contingent liability, where the circumstances on which the liability is contingent have not occurred. Likewise, it is improper to counterclaim for a possible future contingent liability."

It follows that the lower court was correct in sustaining the demurrer to the motion to transfer to equity and the petition for mandamus must be denied.

Writ denied.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.