# Tallapoosa County Bank *v*. Wynn.

## *Bill for Injunction and Accounting.*

(Decided June 15, 1911.   55 South. 1011.)

1. *Banks and Banking; Deposits; Right to Set-off.*—Unless the claim of the bank is certain, definite and liquidated, or capable of liquidation by calculation without the aid of the jury to determine the amount, such claim cannot be set off as against the depositor, and his deposit.

2. *Injunction; Proceedings at Law.*—A bank is not entitled to an injunction restraining the maintenance of a suit by the depositor's administrator against it to recover the deposit, where there was no claim that the depositor's estate was insolvent, or not amply able to answer any claim that might be established against it by the bank, nor that the bank had applied the amount of the deposit or any part of it to any debt or demand owing by the depositor or his estate to the bank.

3. *Same; Dissolution in Vacation.*—Where a final decree granting a perpetual injunction was reversed on appeal, and the cause remanded, the cause in the trial court stood in the same situation as though there had never been any final decree, and the respondent was entitled to move to vacate the injunction on ten days' notice in vacation under section 4526, Code 1907.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Tallapoosa County Bank against W. H. Wynn as administrator to enjoin a suit, and to set off certain claims against deposits. From a decree dissolving the injunction restraining the action, complainants appeal. Affirmed.

LACKEY & BRIDGES, and J. M. CHILTON, for appellant. It is improper where the cause was submitted for final hearing merely to dissolve the injunction without rendering a final decree.—*Trump v. McDonnell,* 112 Ala. 256; Sec. 4535, Code 1907. The bank had the right to set off the claim it held against the estate against the deposits claimed by the estate.—*Clear Creek L. Co. v.*

[Tallapoosa County Bank v. Wynn.]

*Nixon*, 150 Ala. 602; *Lehman v. Tallassee F. M. Co.*, 164 Ala. 567; Moss on Banking, 91.

JAMES W. STROTHER, for appellee. The motion was authorized by section 4526, Code 1907, as the cause stood after remandment just as if there had been no final decree. The court has decided that complainant was not entitled to an injunction in this case.—*Wynn v. Tallapoosa County Bank*, 53 So. 228; Counsel discuss the cases cited by appellant, and concludes that they are without application to the case at bar.

MAYFIELD, J.—This appeal is from a decree dissolving an injunction. The cause was submitted in the lower court on respondent's motion to dissolve the injunction; the submission being had under a written notice, served on complainant's solicitor. The proceeding in the lower court was had, in vacation, under section 4526 of the Code of 1907, which is as follows: "A defendant may in vacation, upon ten days' notice to the complainant or his solicitor, move before the chancellor of the division in which the bill is filed, to dissolve an injunction for want of equity in the bill or on the coming in of an answer, or to discharge an injunction, to be heard on the original papers or certified copies thereof; and motions to discharge and dissolve may be made and heard at the same time, without prejudice to either."

On the former appeal in this case (168 Ala. 469, South. 228), which was from a final decree, the bill was held to be without equity in so far as it sought to enjoin an action at law, brought to recover the amount of the intestate's deposit in the bank of the appellant, and also without equity in so far as it sought to have the court to declare and enforce a lien in favor of the bank

18—173

against the deposit. What was then said on this subject we think is strictly applicable to, and conclusive of, the question involved on this appeal. It was then said: "The bill, in so far as it attempts to have the court declare and enforce a lien against the deposit of the intestate in its bank, is without equity. The lien, claim or right, whatever it may properly be called, which a bank has upon a deposit in its vaults, as against the depositor—its creditor to that amount—cannot be enforced by a court of equity, though in a proper sense it might be declared or recognized. The word 'lien' is inaptly applied to a general deposit in a bank; it is the property of the bank itself. It can be properly applied to special specific deposits of chattels, choses in action, valuables, etc. As to a general deposit, the bank has a right to set-off as for the balance of the general account of the depositor, and of course so long as that balance is in favor of the depositor the lien or right has neither existence nor validity; but the moment any advance or loan by the bank is made to the depositor—in the form of an overdraft, a discount, acceptance, etc.—then the lien or right is born, and may be applied by the bank (and the bank only) to the payment of such indebtedness till it is fully discharged.—Morse on Banks & Banking, §§ 324, 334; *Lehman's Case,* 64 Ala. 567; *Dean v. Allen,* 8 Johns. (N. Y.) 390. The bill does not attempt to charge respondent with any debt or account as to which the bank could apply the deposit. If it did, it could do so without the aid of the court and in fact the court could not aid it to do so; the most it could do for it would be to say it did no wrong in so doing if it showed it had properly so applied the deposit. But this is not here done—the court is asked to do that only which the bank can do. In a proper case the court might declare that a certain claim or demand was one

to which it might be applied; but clearly this is not such a case. It therefore follows that the injunction of the action at law to recover the amount of this deposit was improperly granted. No reason except that of the lien was attempted to be offered, to authorize the issuance of the same; and, this ground being clearly without merit, the right to the injunction did not exist."

It is therefore not shown by the bill in this case that the bank had any such lien, upon the deposit of the deceased cashier, as could be declared or enforced in this suit.

Mr. Morse, in his work on Banks and Banking, § 335, speaking of the claims of the bank against the depositor, for which it has a lien upon, or which it may set off with, his funds on deposit, says: "The claims set off must be certain, i. e., either already reduced to precise figures, or capable of being liquidated by calculation without the intervention of a jury to estimate the sum. And when the claim sought to be used as an offset requires the decision of a jury on the question of negligence before the claim is established, it cannot be offset, even though the amount of the judgment is very clear, provided there should be any judgment of the claim. As where a bond deposited as collateral for a note was lost, and in suit by the bank on the note the maker tried to offset the loss of the bond. A judgment, or contract claim, that can be sued in debt, assumpsit, or covenant, may be set off. But a demand that must be sued upon in tort, or by bill in equity, cannot be set off."

The claim or demand sought to be set off in this suit is not within the class or classes as to which a bank has a lien upon the deposit of its customer, or as to which it has the right to set off such deposit. The claim

is not certain, but very uncertain, and unquestionably requires the decision of a jury or of a court of equity to establish it. The only claims or demands sought to be enforced in this suit are those based upon actions in tort, or which could only be reached by a bill in equity, and they are consequently not subject to set-off.

There is no pretense in this case that the depositor or his estate was insolvent, or that it would be necessary, in order to obtain satisfaction on any decree that might be rendered herein, to proceed against this deposit; nor is there any claim in the bill that the bank had applied the amount of the deposit, or any part thereof, to the payment of any debt or demand owing by the depositor or his estate to the bank; nor is there shown any reason whatever why the action brought in a court of law to recover this deposit should be enjoined. Had it been averred that the estate was insolvent, and that the complainant's judgment or decree against the personal representative could not be satisfied without resorting to the deposit, and that, if it were compelled to pay to the personal representative that deposit, it would lose the benefit of its judgment or decree against such representative pro tanto, there might be some reason why the action at law should be enjoined; but, in the absence of such allegation or proof, it is made to fully appear that the injunction in this case was unwarranted, and that the chancellor properly dissolved it on motion of the respondent.

A case very similar to the one at bar is that of *Irvine v. Dean*, 93 Tenn. 346, 27 S. W. 666. Therein a creditor of the cashier sought by garnishment to reach the deposit of the latter in the bank. The bank, in its answer, sought to hold the deposit as partial indemnity for an alleged unascertained and unliquidated claim for damages, amounting to $5,000, the result of the cashier's

alleged gross mismanagement of its affairs, as in discounting worthless paper and doing other acts of gross recklessness. Held, that this claim being unascertained and unliquidated, and a matter of future litigation, the bank had no right to apply the deposit of the cashier to its payment, and no lien upon, nor right to hold the deposit as indemnity against such alleged liability of the cashier.

The bank in this case having no lien upon the deposit, because there was no ascertained or liquidated debt due the bank, to which it could be applied, and the estate of the depositor not being shown to be insolvent, of course there was shown no right, on the part of the complainant, to an injunction of the law suit, brought against the bank to recover this deposit; and the chancellor therefore properly dissolved the injunction on the respondent's motion.

It is insisted by appellant that the chancellor had no jurisdiction in vacation to entertain a motion to dissolve the injunction under section 4526 of the Code; and that this case having been submitted for final decree, and such decree having been rendered, this statute does not apply, for the reason that it is intended only to enable a respondent to dissolve an injunction in advance of submission for final decree. If injunction were the only relief sought in this bill, the argument would possibly be applicable, as the final decree would either perpetuate or dissolve the injunction. It is true that the former decree upon the final hearing would perpetuate the injunction, but on appeal from that final decree it was reversed by this court; but, for the reason set forth in the opinion on the former appeal, it was deemed impacticable for this court to render a final decree, as is usually done on appeals from such decrees.

[Tallapoosa County Bank v. Wynn.]

It is possible that this court could have rendered a decree, on that appeal, dissolving or discharging the injunction for want of equity in the bill or upon the denials in the answer; but, as the cause had to be reversed for other reasons, the court did not render such a decree, but left the parties to take such action in the further proceedings, after the reversal and remandment, as they might be advised. The decree of this court had the effect of entirely destroying the final decree of the court from which the appeal was taken, and, after the reversal, the cause stood in that court as if there had never been any final decree. The respondent therefore had a perfect right, under section 4526 of the Code, to proceed as he did; and the bill not having been amended, and it not being made to appear by the bill, or otherwise, that the bank had any lien upon the deposit, or any right to enjoin the action of the administrator against the bank, to recover the deposit, the chancellor properly granted the motion to dissolve the injunction.

The appellant discusses in its brief a number of other questions which were considered by this court on the former appeal, but which cannot be raised on this appeal. They might be raised on appeal from a final decree, but not on appeal, as in this case, from an interluctory decree dissolving an injunction, except in so far as they may support or deny the right to grant or maintain the injunction.

No error appearing, the decree of the chancellor heretofore, dissolving and discharging the injunction, must be affirmed.

Affirmed.

SIMPSON, ANDERSON, and MCCLELLAN, JJ., concur.