# First Nat. Bank of B'ham. *v.* Minge.

## *Assumpsit.*

(Decided April 16, 1914.  64 South. 957.)

1. *Banks and Banking; Deposit; Set-Off.*—Where a defendant had a balance on deposit, and was indebteded to the bank on notes not yet due, the bank cannot set off such unmatured indebtedness against a writ of garnishment issued at the instance of a plaintiff suing such defendant depositor, since, on an action by such defendant for his balance, the bank could not set off such unmatured indebtedness against defendant.

2. *Garnishment; Set-Off; Claim.*—The date of the service of the writ of garnishment determines the right to a set-off against the garnishment proceedings just as in an ordinary action at law which might be instituted by defendant against the garnishee.

3. *Pleading; Amendment; Relation Back.*—Where the answer of garnishee is amended, the amendment relates back and takes effect as of the date of the filing of the answer.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Assumpsit by John H. Minge against the Faunsdale Oil Mill, with garnishment in aid of suit directed to the

First National Bank of Birmingham. The garnishee answered indebted, but sought by answer to set off a debt due the garnishee by defendant on a note not yet matured. From a judgment condemning the amount in the hands of the garnishee, to the claim of plaintiff, garnishee appeals. Affirmed.

GEORGE PEGRAM, DAVIS & FITE, and BANKHEAD & BANKHEAD, for appellant. The garnishee was entitled to its discharge in the lower court, and it was error to render judgment against appellant for the amount of money on deposit with it belonging to defendant Faunsdale Oil Mill.—*Powell v. Sammons,* 31 Ala. 552; *Price v. Masterson,* 35 Ala. 492; 20 N. E. 196; 61 S. W. 559; 71 N. Y. S. 416.

LONDON & FITTS, for appellee. Set off is in the nature of a cross-action and the same principle applies as would govern an independent action brought thereon. —25 A. & E. Enc. of Law, 495; *Cox v. Cooper,* 3 Ala. 356; *Goldthwaite v. Nat. Bank,* 67 Ala. 549; *Self v. Kirkland,* 24 Ala. 275. A bank has no authority to appropriate an amount it owes a depositor to an unmatured debt of such depositor against an attaching creditor.—*B'ham Nat. Bank v. Mayer,* 104 Ala. 634; 3 A. & E. Enc. of Law, 35.

McCLELLAN, J.—On the 30th day of May, 1912, John H. Minge instituted his action in the Marengo law and equity court against the Faunsdale Oil Mill, a corporation, and on the same date made affidavit and executed bond for writs of garnishment against W. C. Clark and the First National Bank of Birmingham. On May 31, 1912, notice of the issuance of these writs of garnishment was issued by the clerk of the Marengo court, and this notice was served on the Faunsdale Oil

Mill's president, W. C. Clark, on June 3, 1912. On June 3, 1912, the writ of garnishment so issued was served on the First National Bank of Birmingham. On June 19, 1912, the First National Bank of Birmingham filed its answer as garnishee, in which the bank said that the Faunsdale Oil Mill was indebted to the bank in the sum of $10,000, evidenced by note of the debtor, and that the Faunsdale Oil Mill had on deposit with the bank the sum of $1,533, and that it (the bank) is entitled to set off against the indebtedness of the oil mill the said sum so on deposit, and thereupon claimed the benefit of such set-off, thereby extinguishing all indebtedness by the bank to the oil mill. By amendment of the bank's answer, filed March 4, 1913, this was added to the original answer: "The said ten thousand dollars is due by three certain notes made to the First National Bank by the Faunsdale Oil Mill, one in the sum of one thousand dollars, which was due June 27, 1912; the second in the sum of five thousand dollars, due July 11, 1912; and the third in the sum of three thousand dollars, due July 19, 1912.

It thus appears that at the date of the service of the write of garnishment( June 3, 1912) no part of the indebtedness of $10,000, by the oil mill to the bank, had matured; the earliest date of partial maturity being June 27, 1912. The set-off asserted by the bank was denied, upon the theory, as appears, that the liability of the bank to the oil mill for the sum on deposit could not be extinguished by setting it off against an equivalent sum of the debt of the oil mill to the bank, because the debt of the oil mill to the bank had not matured—was not due—when the writ of garnishment was served on the bank. The ruling was in accord with established doctrine prevailing in this state.—*Birmingham Nat. Bank v. Mayer,* 104 Ala. 634, 641, 16 South. 520; *Cox v.*

*Cooper,* 3 Ala. 256; *Goldthwaite v. Bank,* 67 Ala. 549; *Self v. Kirkland,* 24 Ala. 275; 3 Am. & Eng. Ency. Law, p. 835. The cases of *Powell v. Sammon,* 31 Ala. 552, and *Price v. Masterson,* 35 Ala. 492, do not conclude to the contrary, and are not, under the circumstances hereinabove stated, authority for the proposition that a garnishee may set off an unmatured debt of the defendant to the garnishee against (to the satisfaction pro tanto or extinguishment of) an accrued indebtedness of the garnishee to the defendant. According to established applicable doctrine, if the oil mill had, on June 3, 1912, instituted suit against the bank for the sum of the admitted deposit, the bank could not have set off the *unmatured* indebtedness, in whole or in part, of the oil mill to the bank.

The date of the service of the writ determines the right to set off in garnishment proceedings, as in an ordinary action at law instituted by the defendant against the garnishee.—*Self v. Kirkland, supra;* 14 Am. & Eng. Ency. Law, p. 847.

Of course, the amendment of the answer by the bank effected, by relation back, to incorporate therein the added allegations just as if they had been made in the original answer.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.