## CITIZENS' BANK & TRUST CO. v. TURNER. (8 Div. 588.)

Court of Appeals of Alabama. Nov. 27, 1928.

Rehearing Denied Jan. 15, 1929.

D. L. Rosenau, Jr., of Athens, and E. W. Godbey, of Decatur, for appellant.

J. G. Rankin, of Athens, for appellee.

### On Rehearing.

RICE, J. In this case one McCully had on deposit in appellant bank $501.20, subject to his order. McCully died April 16, 1926, and plaintiff was duly appointed administratrix of his estate April 29, 1926. On May 11, 1926, plaintiff called at defendant bank and had some conversation with its president looking to the transfer of the deposit to her name or the withdrawal of it. While it may be conceded that the banker stipulated for only such credentials as he was entitled to—though plaintiff's testimony tends to show an unreasonable demand—yet the whole evidence is susceptible of no other interpretation than that a withdrawal of the fund was conditioned upon the payment by plaintiff of a note signed jointly by one G. W. Ball and McCully, in the sum of $100, in defendant's favor, and due and payable May 13, 1926. Later on the same day, May 11th, plaintiff gave a check on said deposit in the sum of $500, made payable to Farmers' & Merchants' Bank of Athens, and signed by her as administratrix of the estate of said McCully. On presentation during banking hours its payment was refused. It was then presented by a commercial notary. Defendant requested and was granted an hour's time within which to make answer. By its written answer it declined to pay upon the sole stated ground that "there are not sufficient funds to the credit of L. C. McCully, deceased, to meet said check because of a note executed by L. C. McCully and G. W. Ball, jointly, in favor of Citizens Bank & Trust Co., Athens, Ala., for $100.00 which note is unpaid and which note for $100.00 Citizens Bank & Trust Company claims as a set-off against the funds that are standing on its books to the credit of L. C. McCully, deceased."

Suit was instituted the following day, May 12, 1926. The trial was had on March 30, 1927. Long after the institution of suit, and prior to the trial, an amount sufficient to pay the note in question was left by Ball with the defendant bank.

At plaintiff's request the trial court instructed the jury as follows: "If you believe the evidence your verdict should be for the plaintiff, and you should assess her damages at $500.00 with interest from May 11, 1926."

The verdict responded to this charge. Said charge, obviously, was the affirmative charge on plaintiff's amended fourth count, which alleged the existence of the deposit, the death of the depositor, plaintiff's appointment as administratrix of his estate, her demand for payment, through the $500 check presented during banking hours, its refusal, demand for payment by a notary, and his protest for nonpayment. Other counts remaining in the case claimed the full amount of the deposit and were predicated upon other demands. While numerous grounds of demurrer were interposed to the several counts of the complaint, the judgment entry shows no ruling thereon; it being only shown that an additional demurrer filed after amendment of the complaint was overruled. The principal objection taken by this additional demurrer was that the complaint failed to aver that plaintiff, in demanding payment of defendant bank, produced credentials of her appointment as administratrix of the estate of the deceased depositor. Several pleas, demurrers to all of which were sustained, assert that plaintiff failed to produce credentials of her appointment. Neither of these pleas averred that the refusal to honor the check was on account of the matters set up. Another plea sought to justify refusal, by defendant's right to set off the unmatured Ball note against the deposit.

There are many errors assigned upon the rulings of the court on pleading, admission of evidence, and the giving and refusal of requested charges. But the real meritorious questions in the case are these: (1) Was the defendant bank in the exercise of its legal right in setting off the Ball note against the McCully deposit? (2) If not, then, was the production by plaintiff of the credentials of her appointment as such administratrix a condition precedent to her right to maintain the suit against the bank for failure to pay, regardless of the reason upon which refusal was based?

▆▆ 1. As a general rule, in order that a bank may apply a deposit to an indebtedness of a depositor to it, the indebtedness must be due and payable. 3 R. C. L. 592; 7 C. J. 655; Birmingham Nat. Bank v. Mayer, 104 Ala. 634, 16 So. 520; First Nat. Bank v. Minge, 186 Ala. 405, 64 So. 957. By analogy of the cases supra, and upon consideration of the authorities generally, we conclude that a bank has no right to set off an indebtedness of a deceased depositor, maturing after his death, against the administrator or representative of the depositor attempting, prior to maturity of said indebtedness, to recover the deposit; there being no question of insolvency of the deceased depositor's estate, nor any other special circumstances shown. 3 R. C. L. 593; 24 R. C. L. 840.

▆ 2. Conceding the right of a bank to require a personal representative to produce letters of administration as a condition to

the withdrawal of funds of a deceased depositor, and that a failure of the personal representative to comply with such requirement would justify the bank's refusal to pay; yet where the refusal of the bank to pay is predicated upon a denial of liability or an asserted prior right or lien to or upon the deposit, though coupled with a stipulation for production of his letters, a failure to produce said letters will not defeat the right of such personal representative to maintain an action against the bank for the deposit. A denial of liability would render such production futile, and the law does not require the doing of a useless thing. See 7 Corpus Juris, p. 664.

We adhere to our conclusion that the plaintiff was entitled to the affirmative charge given at her request.

This opinion is substituted for the one heretofore handed down, and the application for rehearing is overruled.

Application overruled.