[Civil No. 2901. Filed November 10, 1930.]

[292 Pac. 1025.]

UNITED BANK & TRUST COMPANY, a Corporation, Appellant, v. WASHBURN & CONDON, a Copartnership Composed of F. L. WASHBURN and J. W. CONDON, Appellees.

Messrs. Kingan & Darnell and Mr. John W. Ross, for Appellant.

Messrs. Mathews & Bilby and Mr. Norman S. Hull, for Appellees.

ROSS, J.—This is an appeal by the United Bank & Trust Company, garnishee, from a judgment against it obtained in an action by Washburn & Condon, copartners, against R. L. Smith, debtor.

The issues between the garnishee, to which we shall hereafter refer as the bank, and the judgment creditors was as to the amount the bank owed Smith and its right to certain claimed credits. It was admitted by the bank that it had on general deposit to the credit of Smith on the date of the service of the writ of garnishment, to wit, October 17, 1927, the sum of $2,000; but it asserted the right of a set-off or credit, against such deposit in the sum of $1,000, evidenced by a note of Smith's to it dated September 12, 1927, and due November 1, 1927. This claim of lien on the deposit is based upon a stipulation in the note to the effect that the payee bank should have a lien upon any balance of Smith's deposit for its payment. The garnishers controverted these admissions and contentions of the bank and alleged that the bank at the time it filed its answer was indebted to Smith in a sum in excess of $2,000, the exact amount being unknown to them. Garnishers also denied that Smith owed the bank a $1,000 note at the time it was served with writ or when it answered, and further alleged that, if the bank had such note, it was completely secured by other property and securities of the maker, and for that reason the stipulated lien on deposit should not be allowed.

Judgment was entered against the bank in favor of the garnishers in the sum of $2,000, with interest at 6 per cent. The bank appeals.

No request for findings was made, and no findings of fact, stating the facts found and the conclusions of law separately, as contemplated by section 3819 of the Revised Code of 1928, were made. But in the judgment is found this recital: "The court . . . does find that at the time of the service of the writ of garnishment upon garnishee . . . October 17, 1927, the said garnishee had in its possession money belonging to the defendant R. L. Smith, and was indebted to the defendant R. L. Smith, in the amount of not less than $2,800.00." It is argued that the finding is erroneous, for the reason that the records of the garnishee bank show that on October 17th Smith had a credit with the bank of only $2,000. Whether this statement is true or whether the bank's records correctly reflected Smith's credit with the bank on October 17th were questions of fact to be determined from the evidence introduced. It is the settled rule of this jurisdiction that, if the evidence conflicts on a given issue, the determination of the trier of the facts will be treated as conclusive on appeal. *Morgan* v. *Krook,* 36 Ariz. 133, 283 Pac. 287. It is not questioned that there was evidence to support the conclusion that Smith's credit balance on deposit with the bank on October 17th was at least $2,800, and not $2,000 as asserted by the bank.

In the judgment against the bank, the bank's claim that Smith was indebted to it in the sum of $1,000, as evidenced by his note, and that it was entitled to set off this sum against the Smith deposit, was not noticed. The court's refusal or failure to recognize the note and lien therein given on the Smith deposit is assigned as error. In the absence of any findings of fact the presumption is that the trial court found every fact necessary to support its judgment. *Arizona Commercial Min. Co.* v. *Iron Cap Copper Co.,* 29 Ariz. 23, 239 Pac. 290; 4 C. J. 778,

§ 2728. In *Horton* v. *Horton,* 35 Ariz. 378, 380, 278 Pac. 370, 371, we said:

" . . . Under our oft-repeated rule, it is presumed the court found every fact necessary to support the judgment, and such presumptive findings must be sustained if the evidence on any reasonable construction justifies them."

The testimony concerning the note of $1,000 is not entirely satisfactory. Whether the note was given to evidence a *bona fide* loan to Smith, or was a mere memorandum of an advance made by the bank upon a cattle purchase, in which Smith and the bank were jointly interested, is not certain. While the note corresponds in amount and date with a check drawn on the bank by Smith, the latter was not credited on the bank's books with the $1,000 represented by the note nor charged with the check. This omission of the history of the transaction is not satisfactorily explained.

The Smith deposit with the bank was a general and not a special deposit. The money to Smith's credit in the bank belonged to the bank. It was Smith's debtor, and he its creditor. Smith could not stipulate in the note a lien on his general deposit, because the funds making up such deposit were not his but the bank's. The garnishee bank being the absolute owner of the deposit, an agreement by the depositor that the bank should have a lien thereon to secure a loan made to the depositor added nothing to the security the bank already had. The rule is that the bank may apply deposits of the debtor to the payment of his matured paper, or, in case he is insolvent, to his unmatured debts. In this case the note was not due and the maker not insolvent at the time the bank was served with the writ or when it answered.

. It also appears that subsequent to the answer of the bank, and before the trial, checks of Smith against

his deposit with the bank were honored and a large part of such deposit was withdrawn from the bank.

Under such a state of facts, the refusal of the trial court to recognize the validity of the $1,000 note and the bank's claimed lien on the deposit was not error.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.