178 So.2d 646

**TOWN OF HAMMONDVILLE**

v.

**R. W. CHADWICK and Earl C. Callaham.**

**7 Div. 796.**

Court of Appeals of Alabama.

Sept. 14, 1965.

Loma B. Beaty, Fort Payne, for appellant.

W. W. Watson and Beck & Beck, Fort Payne, for appellees.

CATES, Judge.

This appeal was submitted February 18, 1965, from a final judgment in favor of the defendants.

The Town brought a civil suit for money had and received by the defendants to the use of the Town in the amount of $410.03. Counts 2 and 3 sought, by amendment, to bring in a claim for the conversion (Code 1940, T. 7, § 223, Form No. 26) of an equivalent amount of money deposited to the Town's account with The Citizens Bank of Valley Head.

The appellant argues its assignments of error in three groups.

### I.

The first phase of appellant's argument must fall for the reason pointed out by the appellees in their brief citing L. & N. R. R. Co. v. Moorer, 195 Ala. 344, 70 So. 277, against assignment of error four. The trial court sustained objection to the following question:

> "I will ask you if during this period of time that you testified about, if the Town of Hammondville itself received the use and benefit of the funds included in these checks?"

Again, for example, assignment of error seven complains of error in the trial judge's sustaining objection to a question put to witness Fischer, "Was this authorized by the Council?"

·The antecedent of the word "this" consisted of the mayor's and another man's driveways being cherted, graveled or paved during October, November and December of 1961.

■ The town council, a body corporate commissioned to direct the legislative affairs of the municipal corporation, could only speak by way of its minute book. From Perryman v. City of Greenville, 51 Ala. 507, per Brickell, J., we quote:

"It seems to have been a controverted question in the court below whether the town council had made an allowance to Perryman, the marshal, for services rendered in the assessment of taxes. The fact of such allowance was provable only by the records or minutes of the proceedings of the council. * * * They were the best and only evidence of the fact that such an allowance had, or had not been made."

See also opinion of Foster, J., in Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14.

■ In the grouped assignments argued in the first section of the argument, there is no common thread to afford a mutual basis for lumping the assignments together; rather, they are of discrete unconnected rulings by the trial judge.

In Bush v. Bumgardner, 212 Ala. 456, 102 So. 629, the court stated (Hn. 7):

"There are here presented for consideration 157 assignments of error. In brief of appellant's counsel, the vast majority of these assignments are treated in bulk, as if presenting a single question, though in fact presenting various objections to various questions, as well as to the giving and refusing of separate charges. Under these circumstances, therefore, it is a well-settled rule that under such treatment of assignments of error in brief, if any one

of the assignments is without merit a consideration of the others may be pretermitted. * * * *"

## II.

■ As to Part II of the appellant's argument, exception is taken to the trial court's giving the affirmative charge with hypothesis in favor of the defendant.

During the period November 16, 1961–December 12, 1961, the defendants, as mayor and clerk of the Town of Hammondville, signed and countersigned respectively six checks payable to three individuals and one corporation drawn on The Citizens Bank of Valley Head against the account of the Town of Hammondville. One check was marked for "Hauling gravel," another for "Spreading gravel," another for "Spreading slag in driveways," another for "Gravel," and a fifth was marked for "64 tons slag on driveways."

The Town put in evidence minutes of the meeting of the town council December 5, 1961, wherein appears:

"Under the heading of old business, a lengthy discussion was held regarding the request of Mayor Chadwick that a motion be made to pay for the slag put in the driveways around Blackburn's store and his place of business.

"Councilman Shankkles moved that the town lawyer be asked to the next meeting for legal advice. Motion seconded by Councilman Johnson. Motion carried."

Witness Fischer testified in part as follows:

"Q. I will ask you, did you have any cherting, graveling or paving of any private driveways in the Town of Hammondville during October, November, and December, 1961?

"A. Yes, sir.

"Q. Which driveways were they?

"A. The ones I saw were Mr. Chadwick's and Mr. Blackwell's [sic Blackburn's]. That is all I saw.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Are you familiar with the private driveway of Mr. Callaham where he lives?

"*Mr. Beck*: We object to that.

"A. Yes, sir.

"*The Court*: Overruled.

"*Mr. Beck*: We except.

"Q. Did you see any change in his driveway during that time?

"*Mr. Beck*: We object.

"*The Court*: Overruled.

"*Mr. Beck*: We except.

"A. Not on the driveway where he lived. It was on the driveway of his business.

"Q. Is this within the Police jurisdiction?

"A. Yes, sir.

"Q. What change took place?

"A. Some gravel was put on it."

No further effort was made to show the relationship of cause and effect between the payment of the moneys represented by the six checks and the spreading of gravel on the mayor's and city clerk's driveways. No requisitions, invoices, engineering inspection certificates or other contract documents were adduced.

Had, for instance, anyone of the contractors testified so as to connect the payments with the claimed enhancement of private property, then the defendants might have had to come forward with a lawful explanation.

However, in the absence of such connecting testimony, there is no scintilla, only speculation. We agree with the trial judge:

"*The Court*: Gentlemen, I grant your motion. I don't think the evidence is sufficient to connect these two men with anything that I can see that would authorize the Court to allow it to go to the Jury. There isn't any evidence at all connecting these Defendants with any money. The checks are made out to other individuals and not made out to the Defendants. There is no evidence before the Court what they are for. Gentlemen, there is no evidence, in my judgment, for it to go to the Jury. Those are the instructions that I will give to the Jury. I will grant the Motion and give the affirmative charge."

### III.

■■ As to the third claim advanced in brief, that the court erred in sustaining demurrers to the conversion counts, as amended, it is sufficient to point out that funds on deposit in a bank give rise to a debtor-creditor relationship[1] and hence are not of such a tangible nature as to give rise to the common law action of conversion.[2] Russell v. The Praetorians, 248 Ala. 576, 28

---

1. A commercial banker in taking a demand deposit acquires title. The depositor then has in exchange a claim for any legal tender which the banker may choose to pay him with when he makes demand. State National Bank of Decatur at Oneonta v. Towns, 36 Ala.App. 677, 62 So.2d 606; Wray v. Tuskegee Ins. Co., 34 Ala. 58.

2. Specific coins (Hunnicut v. Higginbotham, 138 Ala. 472, 35 So. 469) or bank notes sealed up in a letter (Moody v. Keener, 7 Port. 218) were tangible and hence could be subjects of trover or conversion.

So.2d 786; 44 A.L.R.2d at 942. 18 Am.Jur. 2d Conversion, § 10—Choses in Action.

Accordingly, the judgment below is due to be

Affirmed.

JOHNSON, J., not sitting.