432 P.2d 924

The VALLEY NATIONAL BANK OF ARIZONA, Appellant,

v.

James C. HASPER, Appellee.

No. 1 CA–CIV 464.

Court of Appeals of Arizona.

Oct. 30, 1967.

Gust, Rosenfeld and Divelbess, by Fred H. Rosenfeld, Phoenix, for appellant.

Fenton J. McDonough, Scottsdale, for appellee.

HATHAWAY, Chief Judge.

A writ of garnishment was filed against the Valley National Bank by James C. Hasper. The superior court granted Hasper's motion for judgment on the pleadings and denied the bank garnishee's motion for summary judgment and the bank appeals.

On November 15, 1965, James C. Hasper brought suit on a promissory note against Charles H. Morgan, and on the same day filed a writ of garnishment against the Valley National Bank. At the time of the filing of these pleadings the defendant, Morgan, was a nonresident of the state, as witnessed by the plaintiff's affidavit of nonresidency. The bank was served with the writ of garnishment on November 15, 1965.

In its answer to the writ of garnishment the garnishee stated:

"Garnishee states that at the time said Writ was served upon him, and at the time of answering said Writ, there stood upon its books on account in the name of Morgan Radiator Service with Charles H. Morgan as sole owner in which there was a balance of Twenty-seven Hundred Forty-five and 72/100 Dollars ($2,745.72);

"Garnishee further states that said Morgan Radiator Service was indebted to garnishee on certain installment loans in the total sum of Twenty-two Hundred Forty-nine and 83/100 Dollars ($2,-249.83); that said loans are past due and Garnishee believes these loans to be in jeopardy; that it has, therefore, exercised its right of set off and applied the sum of Two Thousand Two Hundred Forty-nine and 83/100 Dollars ($2,-249.83) to the payment of said loans, and is withholding the sum of FOUR HUNDRED NINTY-FIVE and 89/100 Dollars ($495.89) subject to the orders of this court."

The garnishee bank, in its answer to the plaintiff's Tender of Issues, stated that it held a promissory note from the defendant which was payable in monthly installments on the fifteenth day of each month up to and including April 15, 1966, and:

"That the installment due on the 15th day of November, 1965, in the amount of One Hundred Fifty-one and 39/100 Dollars ($151.39) was not paid on said day or thereafter by said defendant Charles H. Morgan and was in default,

and that garnishee defendant, having learned that said defendant had closed his business and moved to the State of Missouri, deemed itself insecure, and declared the entire balance of said indebtedness due and payable forthwith, and applied the sum of Eight Hundred Eighty-six and 14/100 Dollars ($886.14) from the bank account of said defendant to the satisfaction of said indebtedness by its right of setoff."

The bank further answered that the defendant was also indebted to it in the sum of $1,363.69 on a conditional sales contract for a lathe. The monthly payments on this contract were due on the 20th day of each month but the bank admitted that the defendant was not in default on the conditional sales contract at the time of the service of the writ of garnishment.

The pertinent provisions of this conditional sales contract are as follows:

"The Buyer [defendant] accepts and acknowledges receiving the goods and agrees that until the full purchase price is paid he will not * * * remove or permit them to be removed from Morgan Radiator Shop, 29 South Brown, Scottsdale * * *.

* * * * * *

"If Buyer * * * fails to perform any provision of this contract * * * or if Seller deems himself insecure then all amounts then owing hereon shall at Seller's option become immediately due and payable * * *."

After service of the writ of garnishment, the garnishee went to the premises of Morgan Radiator Shop and discovered that Charles H. Morgan had taken the lathe to Missouri with him.

The plaintiff stipulates that the bank had a right of set-off as to the defendant's promissory note held by it. However, the plaintiff contends that after the service of the writ of garnishment, the bank could not thereafter set-off from the defendant's general deposit with the bank the amount owed the bank by the defendant on the conditional sales contract when the defendant was not in default of payment on said contract. The plaintiff argues that since the conditional sales contract gave the bank only an "option" to accelerate the contract and demand payment, the indebtedness had not yet matured as the bank had not exercised that option. The bank, on the other hand, argues that the removal of the lathe from the state by the defendant were acts which gave rise to the bank's right to accelerate the contract under the option and, therefore, the subsequent service of the writ of garnishment should not prohibit the bank from exercising said option.

■ In American Surety Company v. De Escalada, 47 Ariz. 457, 461, 56 P.2d 665, 666 (1936) the court stated:

"* * * where one is indebted to a banking institution which also had in its possession assets of the debtor, the latter may apply these assets to the payment of a matured debt * * *."

See also United Bank and Trust Company v. Washburn and Condon, 37 Ariz. 223, 226, 292 P. 1025 (1930); 6 Am.Jur.2d Attachment and Garnishment § 374, p. 822; and, 106 A.L.R. 62. Of course, application of the rule is dependent upon the facts of each case including the contracts involved.

■ The rule is limited in that a garnishor cannot obtain rights against a garnishee superior to the rights held by the judgment debtor against the garnishee at the time of garnishment. Ellery v. Cumming, 40 Ariz. 512, 14 P.2d 709, 83 A.L.R. 1081 (1932). In the *Ellery* case the bank was indebted to the defendant upon general deposits at the time the plaintiff filed and served its writ of garnishment upon the bank. Before disposition of the garnishment the bank became insolvent. The trustee in bankruptcy claimed that the

plaintiff must take his pro rata share. The plaintiff argued that because of the garnishment he should be given a creditor's preference. The court stated:

> "* * * it would appear that, when a bank, which is the garnishee, becomes insolvent after a garnishment * * * the debt owed by the bank is such that the judgment debtor could claim no more than a right to participate *pro rata* in the assets of the bank with its ordinary creditors, it would seem but reasonable that the garnishor should have the same right and no more."

40 Ariz. at 515, 14 P.2d at 710.

See also J. H. Mulrein Plumbing Supply Company v. Walsh, 26 Ariz. 152, 222 P. 1046 (1924).

▪ In the instant case the debt evidenced by the conditional sales contract between the defendant and the Valley National Bank had not "matured" before or at the time of service of the writ of garnishment since the defendant was not in default of payments nor had the bank exercised its option to accelerate the contract. Had the defendant sued the bank for recovery of its deposits, the bank would have had a valid right to accelerate the contract (since the defendant had moved to Missouri and taken the lathe with him which was a breach of the contract affording the bank basis to "deem itself insecure").

▪ In the garnishment proceedings the plaintiff seeking to harvest defendant's goods held by the bank is, like the defendant, subject to any rights or defenses gained by the bank through the conditional sales contract. We conclude that the bank, having basis to deem itself insecure, could exercise its right to accelerate the contract and set-off any deposits of the de-

fendant against the breached contract. American Surety Company v. De Escalada, supra.

The plaintiff cites as authority for his position Melson v. Bank of New Mexico, 65 N.M. 70, 332 P.2d 472 (1958). The facts in the *Melson* case coincide with the facts before us and hold contra to our above stated conclusions. However, *Melson* shows both in the majority opinion and in the dissent the lack of uniformity among the decisions in this country upon the question presented. The dissent in this case points out, as is found by this court, that the court applies the minority rule which is supported by only three other states besides New Mexico.[1] The majority decisions are based either on statutes similar to the California Code or upon case law based upon the reasoning taken from the cases construing the California Code.

As representing the majority authority in the area the garnishee cites Brown v. Maguire's Real Estate Agency, 343 Mo. 336, 121 S.W.2d 754 (1938) and State National Bank of Decatur at Oneonta v. Towns, 36 Ala.App. 677, 62 So.2d 606 (1952). Both of these cases are based on almost the identical facts as in the instant case. In the *Towns* case the court expresses clearly the position of the majority of jurisdictions:

> "* * * the garnishee is entitled to the benefit of any set off, which, in his hands, could be made available by way of set off in any of the modes provided by law, if the proceedings were one directly against the garnishee by its creditor for the enforcement of the liability [citations omitted]. It is clear that under the terms of the note that the bank would have had a right to set off the amount of the note had there been a suit against it by the judgment defend-

1. Seaboard Finance Company v. Shire, 117 Utah 546, 218 P.2d 282 (1950); Forastiere v. Springfield Institute for Savings, 303 Mass. 101, 20 N.E.2d 950; 96 A.L.R. 1240 (1939); and, California Code of Civil Procedure § 726.

ant. \* \* \* Nor was this right to accelerate the note affected by the service of the writ of garnishment. [citations omitted] By the garnishment the judgment plaintiff acquired only the rights of the judgment defendant. As to the judgment defendant the bank, as a result of the acceleration clause in the note, had a right of set off against any claim of the judgment defendant in a suit against it."

We hold that the garnishee properly exercised its right of set-off under the terms of the conditional sales contract.

Reversed and ordered that judgment be entered for the appellant, Valley National Bank, with costs.

MOLLOY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.