## BLOW v BLOW

Docket No. 70083. Submitted February 7, 1984, at Grand Rapids.—
Decided May 1, 1984.

Jane S. Blow brought a garnishment proceeding against Kenneth
R. Blow and his employer, De Korne's Ethan Allen Galleries,
seeking to enforce a judgment against Kenneth Blow for child
support arrearages. The garnishee-defendant disclaimed liabil-
ity and the Kalamazoo Circuit Court, Frederic A. Grimm, Sr.,
J., determined that the garnishee-defendant was not in posses-
sion or control of any property, money, goods or chattels
belonging to the principal defendant and that, further, the
garnishee-defendant had a right of setoff against the defen-
dant's sales commissions for loans or monies previously ad-
vanced. Plaintiff appealed. *Held:*

The garnishee-defendant may claim any setoffs available to it
when determining its liability to the principal defendant, and
its claim against him has priority over that of the plaintiff. In
this case the agreement between the defendant and his em-
ployer, the garnishee-defendant, was such that the garnishee-
defendant had a right to apply the defendant's entire monthly
commission to the debt owed to the garnishee-defendant. There-
fore, there was no liability to the principal defendant and, thus,
no recovery available to plaintiff.

Affirmed.

1. Garnishment — Exemptions to Garnishment.

Exemptions to garnishment which are provided by court rules
and statutes are to be construed to maximize protection of the
principal debtor.

References for Points in Headnotes

[1] 6 Am Jur 2d, Attachment and Garnishment § 7.
31 Am Jur 2d, Exemptions § 38.
[2] 6 Am Jur 2d, Attachment and Garnishment §§ 372, 373.
Right of garnishee, other than bank, holding deposit, to set off
claims not due or certain when garnishment is served. 57 ALR2d
700.
[3] 6 Am Jur 2d, Attachment and Garnishment §§ 176 *et seq.,* 486.

2. GARNISHMENT — SETOFF — PRIORITY OF CLAIMS.

> A garnishee-defendant may claim any setoffs available to it against the principal defendant in a garnishment action when determining its liability to the principal defendant; the claim of the garnishee-defendant will have priority over the plaintiff's claim with regard to the property being garnished (GCR 1963, 738.6).

3. GARNISHMENT — DEDUCTIONS FROM INCOME.

> A garnishee-defendant which is the employer of the debtor and which is owed sums by the debtor may deduct from the debtor's disposable income whatever sum is agreed upon by the debtor without limitation.

*Randolph McCarthy, Jr., P.C.* (by *Kenneth Kobayashi*), for plaintiff.

Before: M. J. KELLY, P.J., and R. M. MAHER and M. P. REILLY,* JJ.

PER CURIAM. Plaintiff filed this garnishment action in circuit court seeking to enforce a consent judgment against the principal defendant (defendant) for child support arrearages. The garnishee-defendant had twice disclaimed liability after being served with writs and affidavits of garnishment on November 24, 1982, and on November 29, 1982. Following a bench trial, the court found that garnishee-defendant was not in possesssion or control of any property, money, goods or chattels belonging to the defendant at the time of service and the garnishee-defendant, in any event, had a right of setoff against defendant's commissions for loans or monies previously advanced. Plaintiff appeals as of right. Neither defendant nor garnishee-defendant has filed a brief on appeal and we affirm.

Defendant is employed with garnishee-defendant as a "designer salesperson" on a commission basis,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

receiving 6% of his gross developed sales. To offset the fluctuation in furniture sales, garnishee-defendant implements an advance payment system whereby an employee is paid weekly advances which are then added together on a monthly basis and compared to the commission earned by that employee that month. If the commissions exceed the amount advanced, the employee receives a check for the difference. If the advances exceed the commissions, the difference is carried forward. A written agreement entered into between the garnishee-defendant and the employee provides that the employee's monthly commissions are to be first applied toward any deficit owed the garnishee-defendant. The advances are viewed as "loans" to the employee for necessary living expenses.

Under this agreement, defendant received weekly advancements of $488. At the time of trial, he had been employed by garnishee-defendant for a period of approximately one year and three months during which his commission never exceeded the monthly total of his weekly advances. Defendant owed garnishee-defendant in excess of $3,195.20, the difference between loans or advances made by garnishee-defendant and commissions earned.

While we recognize the potential for abuse that may accompany such a payment system regarding creditors' rights, we find that a reasonable construction of the relevant statutes and court rules supports the result reached by the trial court in this case, particularly in light of the rule that exemptions to garnishment provided by court rules and statutes will be construed to maximize protection of the principal debtor. *Sears, Roebuck & Co, v A T & G Co, Inc,* 66 Mich App 359, 369; 239 NW2d 614 (1976).

GCR 1963, 738.6 clearly permits a garnishee-defendant to claim any setoffs available to the garnishee-defendant against the principal defendant when determining its liability to that defendant. *Renshaw v Samuels,* 117 Mich App 649, 658-659; 324 NW2d 117 (1982). Thus, a garnishee-defendant's claim against the defendant will have priority over the plaintiff's claim with regard to property being garnished. *Sears, Roebuck & Co v A T & G Co, supra,* p 368.

In *Sears, Roebuck & Co v A T & G Co,* Sears attempted to garnish the earnings of an employee of A T & G. In the disclaimer filed by A T & G, the employee's gross earnings were listed at $189.88 and his mandatory deductions at $26.30, leaving him a disposable income of $163.58. Out of this disposable income, A T & G claimed a deduction of $40.89 as a weekly installment payment on loans of $5,957.32 made by A T & G to the employee. A T & G claimed that this deduction, being 25% of the debtor's disposable income, barred any payment to Sears because of federal law limiting garnishments to 25% of a debtor's disposable income. See 15 USC 1671-1677. The Court concluded that a garnishee-defendant is entitled to deduct from disposable income whatever sum was agreed upon by the debtor, with no limitation. The plaintiff can then claim the difference, if any, between 25% of disposable income and the garnishee-defendant's deduction. If the garnishee-defendant's deduction is more than 25% of the debtor's disposable income, the plaintiff will recover nothing.

In this case, defendant entered into an agreement with garnishee-defendant allowing garnishee-defendant to deduct defendant's entire disposable income in commissions, if necessary, and apply it toward the debt accrued by the defendant

in advances. Garnishee-defendant thus had a right to apply defendant's entire monthly commission to the debt owed. The trial court did not err in concluding that garnishee-defendant had no liability to plaintiff. We note that, in this case, there is no argument or evidence to suggest that the payment system worked out between defendant and garnishee-defendant was fraudulently designed to avoid defendant's obligation to his creditors.

Affirmed.