CARPENTERS SOUTHERN CALIFOR-
NIA ADMINISTRATIVE
CORPORATION, Plaintiff–Appellee,

v.

MANUFACTURERS NATIONAL BANK
OF DETROIT, Defendant–Appellant,

Pheney Construction
Company, Defendant.

No. 88–2030.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 6, 1989.

Decided Aug. 10, 1990.

Spiros P. Cocoves (argued), Toledo, Ohio, for plaintiff-appellee.

Michael D. Boutell, Michael R. Main (argued), Detroit, Mich., for defendant-appellant.

Before BOGGS and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.

ALAN E. NORRIS, Circuit Judge.

Manufacturers National Bank of Detroit appeals from the district court's order entering summary judgment in favor of plaintiff, Carpenters Southern California Administrative Corporation, in its effort to collect the amount owed it on a judgment against defendant, Pheney Construction Company. For the reasons discussed below, we reverse the district court's judgment.

## I.

On September 30, 1986, Carpenters, which administers employee benefit plans, obtained a judgment in the amount of $96,-806.56 against Pheney in the United States District Court for the Central District of California, for unpaid employee benefit contributions. On November 18, 1987, Carpenters registered this judgment in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1963.

On December 14, 1987, Pheney executed a promissory note in the amount of $140,-000 in favor of Manufacturers. The due date for the note was March 14, 1988. Included in the note was this language: "[T]he Bank is granted a lien on and security interest in all other property or assets (including deposits and other credits) whether presently owned or hereafter acquired, of each maker ... at any time in possession or control of (or owing by) the Bank for any purpose."

The note also contained an acceleration clause: "Whenever the Bank deems itself insecure or on any default in payment of any liability above mentioned, the Bank may, without notice to anyone, declare this Note due forthwith and collect, deal with and dispose of all or any part of the security...."

In addition, Pheney had, in 1982, entered into a security agreement with Manufacturers which covered any loans Manufacturers would make to Pheney in the future. This agreement provided that a loan would become mature whenever Pheney was in default, and that Pheney would be in default upon the entry of any judgment against it.

In February, Carpenters filed with the district court and served on Manufacturers an "Affidavit and Writ of Garnishment After Judgment" in an effort to levy on Pheney's bank accounts at Manufacturers. In its "Garnishee Disclosure" the bank acknowledged that Pheney had $33,585.35 in accounts at Manufacturers at the time the writ of garnishment was served but claimed a setoff of the entire amount on the basis of the $140,000 owed it by Pheney. Manufacturers subsequently contended that it made the decision to accelerate the maturity of the note and to set off the funds in Pheney's accounts because Pheney had a deficit net worth, had experienced significant losses, its equity had substantially eroded, and the volume of its business had declined to the point that the accounts receivable were not sufficient collateral for the loan.

The dispute between Carpenters and Manufacturers over entitlement to Pheney's funds was submitted to the district court on motions for summary judgment. After hearing oral arguments, the district court granted Carpenter's motion for summary judgment on the basis that Manufacturers was in no position to exercise its right of setoff since the debt from Pheney represented by the promissory note was not yet due when the garnishment was instituted.

## II.

In accordance with Fed.R.Civ.P. 69(a), the district court consulted the practice and procedure of the State of Michigan. Under Michigan law, a judgment-creditor may attempt to collect a judgment by garnishing property belonging to the judgment-debtor that is in the possession or control of a third party. Mich.Comp.Laws § 600.4011 (1981); Mich.Ct.R. 3.101.

However, the third party may claim any setoff that it would have against the judgment-debtor. Mich.Ct.R. 3.101(H)(2).

"Thus, a garnishee-defendant's claim will have priority over the plaintiff's claim against the defendant with regard to property being garnished." *Blow v. Blow*, 134 Mich.App. 408, 411, 350 N.W.2d 890, 891 (1984) (citing *Sears, Roebuck & Co. v. AT & G Co., Inc.*, 66 Mich.App. 359, 369, 239 N.W.2d 614 (1976)).

██ Generally, a bank may set off a depositor's bank accounts against the depositor's indebtedness to the bank under the following conditions: (1) the funds used for the setoff are the property of the depositor; (2) they are deposited in a general account without restriction as to their use; (3) the existing indebtedness is due and owing at the time of the setoff; and (4) there is a mutuality of obligation between the depositor and the bank and between the debt and the funds on deposit. *Hansman v. Imlay City State Bank*, 121 Mich.App. 424, 430, 328 N.W.2d 653, 656 (1982). Thus, when exercising the right to setoff in the garnishment context, a bank may not set off a judgment-debtor's bank account against an indebtedness which is not mature at the time of setoff. *See, e.g., Walter v. Nat'l City Bank*, 42 Ohio St.2d 524, 330 N.E.2d 425 (1975).

The district court concluded that Manufacturers was not entitled to set off Pheney's accounts because the promissory note did not mature until after the garnishment writ was served. Manufacturers contends that the note was mature when it exercised its right of setoff, since it became due, albeit after service of the writ, when the bank in good faith deemed itself insecure and invoked the acceleration clause.[1] Accordingly, the bank argues, it was at that point entitled to set off the funds, even though under normal circumstances the note would not have fallen due until March 14, 1988.

██ A majority of courts have held that a garnishee-bank may exercise its right of setoff against indebtedness which matures after the garnishment writ is served. *See, e.g., State Nat'l Bank v. Towns*, 36 Ala.App. 677, 62 So.2d 606, 607 (1953) (setoff allowed even though bank invoked acceleration clause after being served with garnishment writ); *Valley Nat'l Bank v. Hasper*, 6 Ariz.App. 376, 379–80, 432 P.2d 924, 927–28 (1967) (setoff by bank allowed even though bank accelerated debt due under conditional sales contract after it was served with garnishment writ); *Messall v. Suburban Trust Co.*, 244 Md. 502, 224 A.2d 419, 421–23 (1966) (setoff allowed even though note accelerated after service of garnishment writ); *Brown v. Maquire's Real Estate Agency*, 343 Mo. 336, 121 S.W.2d 754, 759–61 (1938) (setoff allowed even though note accelerated after service of garnishment writ); 6 Am.Jur.2d *Attachment and Garnishment* § 374 (1963).

This seems to us to be the better rule. Although we are unable to find authoritative Michigan case law precisely on point, neither has anything been called to our attention that leads us to believe that the Michigan Supreme Court, if presented with the issue, would adopt a different rule. In a garnishment proceeding, the judgment-creditor garnishor stands in the same position as the judgment-debtor with respect to the garnishee and may not prevail against the garnishee unless the debtor could do so. *See Poelman v. Payne*, 332 Mich. 597, 52 N.W.2d 229, 230 (1952); *State Nat'l Bank v. Towns*, 62 So.2d at 607; *Valley Nat'l Bank v. Hasper*, 432 P.2d at 924; Mich.Ct.R. 3.101(H)(2). Carpenters concedes that, if Pheney had attempted to withdraw funds from his account to pay Carpenters before the note was due, Manufacturers could have invoked the acceleration clause, set off Pheney's account against the note, and refused the withdrawal. A holding that Manufacturers could not accelerate the note and set off the account after Carpenters served the bank with a writ of garnishment would place Carpenters in a better position than

---

**1.** The acceleration clause used in the note has been uniformly interpreted to allow the holder of a note to accelerate payment of the note as long as the holder acted in good faith in deeming itself insecure. *See, e.g., Karner v. Willis*, 238 Kan. 246, 710 P.2d 21, 22 (1985); Mich. Comp. Laws § 440.1208 (1981).

**1342**

Pheney with respect to the funds in Pheney's bank accounts.

Accordingly, so long as Manufacturers acted in good faith in deeming itself insecure and invoking the acceleration clause, it was entitled to set off Pheney's bank accounts against the note.

Manufacturers also contends that, under the terms of the 1982 security agreement, the note was due at the time the garnishment writ was served because Pheney was in default as a result of the judgment obtained by Carpenters. However, as the entry of judgment against Pheney occurred before the note was executed, the district court correctly concluded that this provision of the agreement applied only to a judgment entered after the execution of a note.

### III.

The judgment of the district court is reversed, and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.